UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 MAR 30  AM 11:53

STEPHAN HARRIS, CLERK
CHEYENNE

ROCKIE KING AND KAREN GARTON, )
)
)
Plaintiff )  Case No.: 18-CV-56-F
)
v. )  **COMPLAINT AND DEMAND FOR**
)  **JURY TRIAL**
DIVERSIFIED CONSULTANTS, INC., )
)
)
Defendant )

## COMPLAINT

ROCKIE KING AND KAREN GARTON ("Plaintiffs"), by and through their attorney, KNIGHT LAW OFFICES, LLC, alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has an office and conducts business in the State of Wyoming and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiffs are each natural persons residing in Cheyenne, Wyoming 82001.

6. Plaintiffs are each a "consumer" pursuant to 15 U.S.C. § 1692a(3).

7. Plaintiffs are each a "person" as the term is defined by 47 U.S.C. §153(39).

8. Defendant is a debt collection company with its headquarters located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

9. Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

10. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and repeatedly contacted Plaintiff in

its attempts to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5) for another person.

11. The principal purpose of Defendant's business is debt collection.

12. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Upon information and belief, Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

15. Upon information and belief, the alleged debt Defendant was seeking to collect from Plaintiffs arose out of transactions that were related to a DirecTV debt for residential services used for personal, family, and household purposes.

16. Beginning or before mid-May 2017 and continuing through at least late June 2017, Defendant repeatedly called Plaintiffs in its attempts to collect a debt.

17. Defendant made these calls from telephone numbers including, but

not limited to, 208-488-4843 and 208-258-7319. The undersigned has since confirmed that this number belongs to Defendant.

18. Defendant first sought to collect the alleged debt by placing repeated calls to Plaintiff Garton's cellular telephone number starting in or before mid-May 2017.

19. Plaintiff Garton was the regular user of the cellular telephone and has only used her cellular telephone number as a cellular telephone.

20. The calls to Plaintiff Garton's cell phone were placed by Defendant using an automatic telephone dialing system and/or artificial or pre-recorded messages.

21. Plaintiff Garton knew Defendant was using an automatic telephone dialing system and/or artificial or pre-recorded message because calls began with a prerecorded message before she was transferred to a live caller.

22. Defendant typically asked for Plaintiff King when it called Plaintiff Garton's cellular phone.

23. Plaintiff Garton told Defendant more than once that they were calling her while she was at work and she could not take calls during work hours.

24. Shortly after calls started, Plaintiff Garton also told the Defendant that they were calling her cellular telephone, not Mr. King's phone, and to stop calling her altogether.

25. However, Defendant did not remove Plaintiff Garton's cellular telephone number from its database and continued to call Plaintiff Garton in its attempts to collect this alleged debt until she finally gave them the home phone number for Plaintiff King around the end of May or beginning of June 2017.

26. Starting in or around early June 2017, Defendant started to place repeated debt collection calls to Plaintiff King at his home telephone number.

27. Shortly after calls to his home phone started, Plaintiff King told Defendant that he could not afford to pay the debt, that he would call them when he had the money, and to stop calling.

28. However, Defendant did not remove Plaintiff King's home telephone number from its database or wait a reasonable time for his circumstances to change, but continued to call Plaintiff repeatedly in its attempts to collect this alleged debt.

29. The repeated and continuous phone calls were aggravating and annoying to both Plaintiffs, especially after Plaintiffs told Defendant to stop calling.

30. Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassing Plaintiff.

31. Lastly, in its attempts to collect the debt, Defendant failed to send Plaintiff written correspondence, within five (5) days of its initial communication

with him, advising him of his rights to dispute the debt and/or to request verification of the debt.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiffs' telephones repeatedly and continued to call knowing its calls were unwanted.

# COUNT II
## DEFENDANT VIOLATED §§1692c(a)(1) and 1692c(a)(3) OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant's conduct, detailed in the preceding paragraphs, violated 15 §§ 1692c(a)(1) and 1692c(a)(3).

   a. Section 1692c(a)(1) of the FDCPA prohibits debt collectors, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to contact a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

   b. Section 1692c(a)(3) of the FDCPA prohibits debt collectors, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

    c.    Here, Defendant violated §§ 1692c(a)(1) and 1692c(a)(3) when it contacted Plaintiff Garton when she was at work and knew she could not receive calls while at work and on that number.

## COUNT III
## DEFENDANT VIOLATED §1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

34.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a.    A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against

the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b.    Here, Defendant violated § 1692g(a) of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiffs, advising Plaintiffs of their rights to dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of the debt.

## COUNT IV
## DEFENDANT VIOLATED
## THE TELEPHONE CONSUMER PROTECTION ACT

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. Defendant initiated multiple telephone calls to Plaintiff Garton's cellular telephone using an automatic or "predictive" dialing system.

37. The calls were made using an artificial or pre-recorded voice.

38. Defendant's calls to Plaintiff Garton were not made for emergency purposes.

39. Plaintiff Garton verbally revoked any prior consent she may have given to Defendant to call her cellular telephone.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff Garton.

41. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

42. As a result of the above violations of the TCPA, Plaintiff Garton has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, ROCKIE KING AND KAREN GARTON, respectfully pray for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A) and 15 U.S.C. §1692k(a)(1),

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3)

d. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

g. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

h. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

i. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, ROCKIE KING AND KAREN GARTON, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: March 14, 2018

By: /s/ Paul Knight   SBN: S-2854
Paul Knight, Esq.
Knight Law Offices, LLC
109 E. 17th Street, Suite 20
Cheyenne, WY 82001
Phone: (307) 432-4014
Facsimile: (541) 352-5580
Email: paulknightattorney@gmail.com